

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-20-00244-CV

———————————————

### IN RE LOWELL SCOTT GILBREATH, RELATOR

Original Proceeding
Arising From Proceedings Before the 110th District Court
Floyd County, Texas
Trial Court No. 11078; Honorable William Smith, Presiding

September 17, 2020

## ORDER ON EMERGENCY
## MOTION TO STAY ORDER OF SANCTIONS

Before PIRTLE, PARKER, and DOSS, JJ.

Pending before this court is Lowell Scott Gilbreath's *Emergency Motion to Stay Order of Sanctions* and his *Petition for Writ of Mandamus* stemming from a pending lawsuit against the Real Party in Interest, Brian Pemberton, in a land dispute. In the underlying suit, the trial court entered an order of sanctions requiring Gilbreath to pay $19,949.75 in monetary sanctions (representing reasonable and necessary attorney's fees) by Friday, September 18, 2020. The order also barred him from presenting any

evidence of a common law marriage or special relationship between him and Debra Moses, Pemberton's deceased mother, at a trial on the merits.

Pursuant to this court's request, Pemberton filed a response to the emergency motion. We grant the request for emergency relief and stay the *Order of Sanctions* conditioned upon the filing of a bond as provided hereinbelow. By this order, we also request that Pemberton file a response to Gilbreath's *Petition for Writ of Mandamus* on or before October 2, 2020.

BACKGROUND

According to the mandamus record before us, Gilbreath gave Moses refuge from an abusive marriage in 2010. She subsequently divorced her husband in 2012. Gilbreath asserts he and Debra became romantically involved and they became engaged in 2013. He further asserts they entered into a general farming partnership that eventually included the land in question. In 2016, Gilbreath provided financial resources to assist Moses in litigation to acquire real property from a trust of which she was a named beneficiary. That property became "the lifeblood" of their farming relationship and Gilbreath claims that Moses promised he could farm the land for the remainder of his life.

Apparently unbeknownst to Gilbreath, in April 2017, Moses deeded the property to her son and reserved only a life estate. She died on May 19, 2019. Gilbreath asserts he discovered the conveyance during probate of the estate and that he and Pemberton entered into an agreement by which Gilbreath would continue to farm the property in 2019 and then have the right of first refusal to purchase the land. In July 2019, Gilbreath prepared the property and planted wheat and rye. His understanding was that Pemberton

2

also agreed to allow him to farm the land in 2020. However, in September 2019, Pemberton revoked his offer and in December 2019, he obtained a no-trespass order. Gilbreath filed suit and an application for a temporary restraining order in February 2020.

By his live pleading, Gilbreath alleges claims of unjust enrichment, quantum meruit, promissory estoppel, beneficiary of fraud, and conversion. In response, Pemberton's pleadings allege that Gilbreath was his mother's "live-in boyfriend" and that his agreement to farm the land was pursuant to an unwritten year-to-year lease agreement. He alleged that Gilbreath misrepresented the nature of the relationship with his mother and also made false representations regarding the property. Pemberton filed an application for a temporary injunction.

Relevant to the underlying proceeding is a lengthy telephone call between Gilbreath and a fact witness, Sherry Regnier. Regnier was Moses's sister-in-law and Pemberton is her nephew. She had known Moses for forty years. Regnier initiated the call on September 15, 2019, to discuss retrieving some of Moses's Christmas ornaments. Regnier recorded the call without Gilbreath's consent. According to her, during the call, Gilbreath coerced her into withholding testimony regarding whether he and Moses had a common law marriage or a special relationship. Regnier insisted that if Moses and Gilbreath had been engaged or had a common law marriage, Moses would have told her about it. She alleged that Gilbreath threatened her and her children by telling her his lawyer was ruthless and that he would "[rip] you-all to pieces up there on that stand" if they were called to testify. Regnier also claimed that Gilbreath pressured her to lie if called as a witness by answering questions with "I don't recall."

3

Relying on Rule 215.3 of the Texas Rules of Civil Procedure,[1] on May 13, 2020, Pemberton filed a *Motion for Sanctions* alleging that Gilbreath unlawfully tampered with a material fact witness. He described Gilbreath's conduct as "egregious" and prayed for death penalty sanctions—striking Gilbreath's pleadings, dismissing his claims with prejudice, rendering a default judgment against him, and awarding attorney's fees and costs. In support of his prayer for death penalty sanctions, he further alleged Gilbreath's conduct violated the provisions of Section 36.05(a) of the Texas Penal Code, pertaining to tampering with a witness. Gilbreath responded that he did not coerce Regnier and that Pemberton's reliance on section 36.05(a) of the Penal Code, a criminal statute, was misplaced. He also contests the imposition of death penalty sanctions as being excessive.

A hearing on the *Motion for Sanctions* was held on June 10, 2020, after which the trial court issued a letter ruling reciting the following: "Motion for Sanctions is Granted. [Gilbreath] cannot present any evidence of a marriage to Debra Moses, common law or other." As requested by the trial court, Pemberton's counsel drafted a proposed order which was objected to by Gilbreath.

On August 19, 2020, the trial court issued its formal *Order of Sanctions*. Among the findings, the order recites that Gilbreath "committed the offense of witness tampering under Texas Penal Code § 36.05 by coercing witness Sherri [sic] Regnier in an official proceeding . . . ." The order recites that it was issued "under [the trial court's] inherent

---

[1] Rule 215.3 is entitled "Abuse of Discovery Process in Seeking, Making, or Resisting Discovery." TEX. R. CIV. P. 215.3.

authority to impose sanctions for abuse of the judicial process." Another provision recites that "[s]anctions that terminate or inhibit the presentation of the merits of a party's claims for decision are authorized by Texas Rule of Civil Procedure 215" and that Gilbreath is barred by the order "from presenting any evidence of a common law marriage or other special relationship with Debra Moses, deceased." According to the order, lesser unnamed sanctions were considered and rejected by the trial court. Finally, the order awards Pemberton "reasonable and necessary attorney's fees in the amount of $19,949.75, which shall be paid by [Gilbreath] to [Pemberton] within 30 days," presumably from the date of that order.

By his emergency motion for relief, Gilbreath requests a stay of the *Order of Sanctions* pending this court's decision on the merits of his *Petition for Writ of Mandamus.* By his response, Pemberton asserts that temporary relief is neither necessary to prevent undue prejudice nor maintain the status quo pending a decision on the *Petition for Writ of Mandamus*. Alternatively, Pemberton requests that should this court grant emergency relief, that a bond or deposit in the amount of $19,949.75 be required. *See* TEX. R. APP. P. 52.10(b).

The issues presented to the trial court and this court are complex. Accordingly, we grant Gilbreath's emergency motion for a stay of the trial court's order requiring that sanctions be paid conditioned upon the filing of a bond with the trial court, in the sum of $5,000 to protect the parties affected by this relief. We also direct that Pemberton file a response to Gilbreath's *Petition for Writ of Mandamus* on or before October 2, 2020. In responding to the petition, we request that the response specifically address three issues: (1) the authority of the trial court to grant Rule 215 sanctions for *discovery abuse* arising

5

from an alleged act of tampering with a witness, (2) the appropriateness of death penalty sanctions where no court-ordered discovery has been violated, and (3) what, if any, lesser sanctions were considered by the court, in addition to any other matters which Pemberton chooses to address.

**IT IS SO ORDERED.**

Per Curiam